IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHEDRICK WILLIAMS, #186278, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-376-WHA-SMD |
| | ) | [WO] |
| DR. ELLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Shedrick Williams, an inmate formerly housed at the Draper Correctional Facility in Elmore, Alabama, brings this action under 42 U.S.C. § 1983. (Doc. 1). *Id.* On August 28, 2018, it came to the Court's attention that Defendant Wilson had not been served. (Doc. 24). Accordingly, the Court ordered Plaintiff to "either provide the [C]ourt with the correct identity of the individual he previously identified as 'Nurse Practitioner Wilson' or provide other identifying information such as the correct first and last name of the individual against whom he seeks to file suit and whether the individual in question is still employed at the Staton Correctional Facility." (Doc. 24) p. 1. To date, Williams has failed to serve Defendant Wilson or comply with the Court's August 28, 2018 order.

Williams's claims against Defendant Wilson should be dismissed under Federal Rule of Civil Procedure 4(m). Rule 4(m) mandates that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. FED. R. CIV. P. 4(m). Here, Williams's 90-day time period for serving Defendant Wilson expired on

November 7, 2018. The undersigned finds nothing in the record warranting an extension of Williams's time for serving Defendant Wilson.[1] Accordingly, Williams's claims against Defendant Wilson should be dismissed under Federal Rule of Civil Procedure 4(m).

Alternatively, Williams's claims against Defendant Wilson should be dismissed for failure to prosecute and comply with this Court's orders. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

In this case, the Court repeatedly advised Williams of his responsibility to provide a correct address for service and to perfect service on all named defendants. (Doc. 7) p. 5, ¶ 8(h); Doc. 24. Moreover, the Court cautioned Williams that a failure to perfect service on a named defendant would result in a dismissal of that defendant. *Id.* Accordingly, the undersigned finds that Williams has willfully failed to serve Defendant Wilson. Considering Williams's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case. Accordingly, Williams's

---

[1] Under the circumstances of this case, the court concludes that the running of the applicable limitation period during the pendency of this action does not warrant an extension of the time for service. *See Boston v. Potter*, 185 F. App'x. 853, 854 (11th Cir. 2006) ("While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight.").

claims against Defendant Wilson should be dismissed for failure to prosecute and comply with this Court's orders.

For these reasons, the undersigned Magistrate Judge RECOMMENDS that Williams's claims against Defendant Wilson be DISMISSED under Federal Rule of Civil Procedure 4(m). Alternatively, the undersigned Magistrate Judge RECOMMENDS that Williams's claims against Defendant Wilson be DISMISSED for failure to prosecute and comply with this Court's orders.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 17, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of February, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE