IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHEDRICK WILLIAMS, #186278, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-376-WHA-SMD |
| | ) | [WO] |
| DR. ELLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Shedrick Williams, an inmate formerly housed at the Draper Correctional Facility in Elmore, Alabama ("Draper"), brings this action under 42 U.S.C. § 1983. Doc. 1. Williams alleges that he received inadequate medical care and treatment while housed at Draper. *Id.* Defendants filed answers, special reports, supplemental special reports, and supporting evidentiary materials denying Williams's allegations. Docs. 12, 14, 16, 22, 23, 27. The Court, in turn, ordered Williams to file a response to Defendants' materials. (Doc. 25). The Court instructed Williams to support his answer with sworn affidavits or other evidentiary materials "demonstrating there is a genuine issue of material fact for trial in this case." (Doc. 25) p. 2.

The Court also notified the parties that, upon the expiration of Williams's time to file a response, the Court would construe Defendants' materials as motions for summary judgment and consider Williams's response in ruling on the motion. *Id.* Williams has filed a response to Defendants' materials. Doc. 28. Accordingly, the undersigned Magistrate Judge construes Defendants' written reports and supporting affidavits as motions for

summary judgment, Docs. 14, 23, and for the following reasons, RECOMMENDS that Defendants' Motions for Summary Judgment be GRANTED.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of a claim determine which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact would not affect the outcome of the case under the governing law. *Id.*

A court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242–43 (11th Cir. 2001). Still, the nonmovant must produce sufficient evidence to enable a jury to rule in his favor; a mere scintilla of evidence in support of a position is insufficient. *Id.* at 1243. In sum, summary judgement is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quoting *City of Delray Beach, Fla. v. Agric. Ins. Co.*, 85 F.3d 1527, 1530 (11th Cir. 1996)).

## II. DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must first allege a violation of a right secured by the Constitution or laws of the United States; second, the plaintiff must allege that the deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Williams brings § 1983 claims against Defendants Ellis, Copeland, and Corizon. The Court first addresses Williams's claims against Defendants Ellis and Copeland. The Court then address Williams' claim against Defendant Corizon.

### A. Williams's § 1983 Claims Against Defendants Ellis & Copeland

Williams brings two § 1983 claims against Defendant Nurse Ellis and Defendant Nurse Copeland. Williams's first claim alleges that Defendants Ellis and Copeland violated his Fourteenth Amendment rights. Williams's second claim maintains that Defendants Ellis and Copeland violated his Eighth Amendment rights. The Court addresses each claim in turn.

#### i. Grievance Claims

Williams complains that Defendants Ellis and Copeland violated his due process rights when they failed to answer his grievances, appeals, and sick call slips. Doc. 1 at 3. Under the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND XIV, § 1. "While a violation of a state or federally created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally

mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993) (citation omitted).

A prison "grievance procedure is a procedural right only," meaning that it does not confer any substantive right on an inmate. *Buckley*, 997 F.2d at 495 (quotation marks and citation omitted). A failure to process an inmate's grievances, without more, is not a violation of the Fourteenth Amendment. *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011). Similarly, a violation of departmental rules or policies, standing alone, does not infringe on an inmate's constitutional rights. *See, e.g.*, *Fischer v. Ellegood*, 238 F. App'x 428, 431 (11th Cir. 2007); *Magluta v. Samples*, 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004).

Here, Williams complains that he filed several grievances, appeals, and sick call slips, which went unanswered. Doc. 1 at 3. The undersigned has independently reviewed the supporting grievance documents. Those documents show that medical personnel responded to Williams's grievances. But even if that were not so, Williams would not be able to recover from Defendants Ellis and Copeland because a failure to respond to grievances and sick call requests does not constitute a violation of the Fourteenth Amendment. Neither does a violation of institutional administrative regulations amount to a Fourteenth Amendment due process violation. Accordingly, the undersigned recommends summary judgment as to Williams's grievance claims against Defendants Ellis and Copeland.

### ii. Deliberate Indifference

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). To demonstrate a denial of medical care in violation of the Eighth Amendment, Williams must prove both an objective and subjective component. The objective element requires Williams to demonstrate the existence of an "objectively serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir.2003). A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* (quotation marks and citation omitted).

The subjective component of Williams's medical claim requires that he demonstrate "deliberate indifference" to a serious medical need. *Farrow*, 320 F.3d at 1243. Deliberate indifference is shown by establishing that a defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. It may be demonstrated by either actual intent or reckless disregard. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference." *Id*. at 837. "[A]an official's failure to

alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

"Delay in access to medical attention can violate the Eighth Amendment . . . when it is tantamount to unnecessary and wanton infliction of pain." *Hill*, 40 F.3d at 1187 (quotation marks omitted). "Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem." *Id*. Further, "whether government actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (quotation marks omitted).

In January 2016, Williams allegedly injured his foot while incarcerated. According to Williams, his medical file contains an x-ray showing that he fractured his foot, but he alleges that medical staff denied him treatment. Williams maintains the injury to his right foot caused him to injure his left knee and right hip resulting in constant pain and balance issues which in turn caused injuries to other parts of his body. Williams alleges medical staff failed to allow him to see a doctor, treated him only with pain medication, and lied to him about getting help and seeing a physician. Doc. 1 at 3; Doc. 1-1 at 1–2.

Williams presents no evidence that Defendant Ellis or Defendant Copeland acted with deliberate indifference to his medical needs. The record shows that, during the time

6

period relevant to this case, the primary duties of Defendants Ellis and Copeland were administrative in nature and that they rarely provided nursing care to inmates. Defendants Ellis and Copeland testify to having no recollection of ever providing medical care to Williams. Neither Defendant Ellis nor Defendant Copeland diagnosed or provided medical care to inmate-patients. Moreover, nothing suggests that Defendant Ellis or Defendant Copeland attempted to intercede, overrule, or influence decisions made by medical personnel regarding Williams's medical care. Neither is there evidence indicating that they personally participated in or had any direct involvement with the medical treatment provided to Williams during his incarceration. Docs. 14-1 at 2-;14-2 at 2–6.

Assuming Williams's condition constituted a serious medical need, he cannot show that Defendant Ellis or Defendant Copeland personally acted with deliberate indifference to his medical needs. Nothing in the record suggests that Defendants Ellis and Copeland were responsible for providing Williams with medical care or attention. Rather, the evidence shows that Williams received timely and appropriate access to medical care during his confinement. Medical providers treated Williams for pain in his feet, hips, and knees. The medical care Williams received was consistent with his medical history. Accordingly, Williams's deliberate indifference claims against Defendants Ellis and Copeland fail. The undersigned therefore recommends summary judgment as to Williams's deliberate indifference claims against Defendants Ellis and Copeland.

### B. Williams's § 1983 Claims Against Defendant Corizon

Williams also alleges that Defendant Corizon acted with deliberate indifference to his serious medical needs by adopting a policy to withhold medical care from inmates to

7

control costs. Corizon is a private contractor that provided medical services for prisoners. A private entity providing medical services to inmates pursuant to a contract with the state is only liable under § 1983 where it employs a custom or policy constituting deliberate indifference to an inmate's serious medical need. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Howell*, 922 F.2d at 724 n.13. The challenged policy or custom need not be express. A policy is "a decision that is officially adopted" or created on behalf of the entity. *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is any practice that is "so settled and permanent" as to carry the force of law. *Id*.

To establish the existence of a custom, the evidence must show more than an isolated incident leading to constitutional injury, and instead, must reflect the pattern is widespread. *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004). To show a practice is sufficiently widespread to constitute a custom, a plaintiff ordinarily must produce evidence that the practice resulted in deficient treatment of other inmates. *See Craig*, 643 F.3d at 1312. Ultimately, the plaintiff must produce sufficient evidence of a "series of constitutional violations from which deliberate indifference can be inferred." *Id.* (quoting *Estate of Novack ex rel. Turbin v. Cty. of Wood*, 226 F.3d 525, 531 (7th Cir. 2000)).

Here, Williams has failed to produce any evidence showing that Defendant Corizon implemented a policy or custom evidencing deliberate indifference to prisoners' serious medical needs. Specifically, Williams has produced no evidence that Defendant Corizon had a permanent or widespread policy to withhold necessary medical care or treatment from inmates to control costs. Accordingly, Williams's deliberate indifference claim against Defendant Corizon fails as a matter of law. The undersigned therefore recommends

summary judgment as to Williams's deliberate indifference claim against Defendant Corizon.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' Motions for Summary Judgment (Docs. 14, 23) be GRANTED.

2. Williams's claims against Defendants Ellis, Copeland, and Corizon be DISMISSED with prejudice.

3. Judgment be ENTERED in favor of Defendants Ellis, Copeland, and Corizon.

4. Costs be taxed against Williams.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **March 2, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of February, 2021.

/s/ Stephen M. Doyle
_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE